JAMES WALKER, Appellant, v. JAMES H. SPRING, Respondent.

*Tenants in common — one cannot maintain replevin against the other — judgment in action of replevin.*

The plaintiff brought this action in replevin to recover the possession of a stallion, which was taken into his possession by process issued in this action by the plaintiff. Upon the trial the defendant claimed, and the jury found, that he and the plaintiff were tenants in common of the horse. *Held*, that a judgment directing a return of the horse to the defendant, and in case the plaintiff failed so to do, directing a judgment in favor of the defendant for the full value of the horse, was proper. That the plaintiff must return the horse or pay its full value, and afterward compel the defendant to account. Such an accounting could not be had in the present action. (*Russell* v. *Allen*, 3 Kern., 173.)

Appeal from a judgment in favor of the defendant, entered upon the verdict of a jury.

*Wm. Rumsey*, for appellant.   *W. B. Ruggles*, for respondent.

Opinion by Gilbert, J.

Present — Mullin, P. J., Smith and Gilbert, JJ.

Judgment affirmed.

---

JOHN LAIRD and another, Respondents, v. CYRENIUS C. TOWNSEND, Appellant.

*Contract — breach of — measure of damages.*

The rule of damages for the breach, by the seller, of a contract for the sale of merchandise, is the difference between the price agreed to be paid and the market-price thereof at the time and place of delivery. Where, however, the plaintiff had entered into a previous contract with another person for the sale of the same article at a higher price, and the seller was notified of the fact at the time of making his contract, the profit which would have accrued to the plaintiff if the seller had performed his contract, may be recovered as damages. *Booth* v. *Spuyten Duyvil Rolling Mill Co.* (3 N. Y. S. C., 372) followed.

Appeal from an order made at the Special Term, denying a motion for a new trial made upon a case and exceptions.